## McCauley v. Haight

*Richard A. Hernan,* for plaintiffs.
*John M. McLaughlin,* for defendants.
*Mark E. Mioduszewski* and *John O. Dodick,* for defendants.

WOLFE, *P.J.,* July 10, 1986—Plaintiffs have filed preliminary objections to defendants' answer containing new matter, specifically paragraph 14 of the new matter which alleges:

"Defendants plead the doctrine of sudden emergency as an affirmative defense."

Plaintiffs argue the doctrine of sudden emergency is not an affirmative defense, or, if it is, it must be more specifically pleaded.

Our initial order of June 5, 1986, opined the doctrine of sudden emergency is not an affirmative defense; however, since plaintiffs had no objection that the allegation remain under new matter, we ordered defendants to plead specifically the facts invoking the doctrine. Subsequently, the matter was again listed for argument due to lack of notice of counsel for defendants at the initial argument, and after re-argument and research we conclude the sudden-emergency doctrine may be pleaded as new matter. We have found no case addressing the issue specifically; however, we find Pa.R.C.P. 1030, was amended, effective July 1, 1984, and as amended the following affirmative defenses must be pleaded as new matter: "assumption of the risk, consent, *contributory negligence,* a fair comment, justification, privilege and truth." (emphasis added).

Although the doctrine of sudden emergency is not specifically identified, nonetheless, we find no

real distinction between that doctrine and the doctrine of contributory negligence or assumption of the risk. The rule is still established, however, if the averments are merely evidentiary in character and consist largely of an elaboration of negative defenses, they are not properly a part of new matter. 5 Standard Pa. Practice 2d, 26:42. We therefore hold the doctrine of sudden emeregency has been properly raised as an averment under new matter.

Defendant argues the preliminary objections should be dismissed because plaintiffs fail to attack the sudden-emergency doctrine as pleaded under new matter in their initial preliminary objections, and subsequent thereto defendants filed an amended answer and new matter again containing the doctrine. Defendants therefore argue plaintiffs are barred from preliminary objections as to this issue. We agree. It has long been settled all preliminary objections must be raised at the same time and a party is not permitted to attack a pleading in small bites. 2 Goodrich Amram 2d, 1017(b): 4.

We therefore enter the following

## ORDER

And now, this July 10, 1986, plaintiffs' preliminary objections to defendants' new matter is denied.

Plaintiffs are granted 20 days to reply to the new matter.